

**U.S. Department of Justice**

United States Attorney
District of New Jersey

Environment and Natural
Resources Division

---

Jason P. Garelick
Special Assistant United States Attorney

970 Broad Street, Suite 700   Direct Dial: (973) 856-4976
Newark, New Jersey 07102

Adam Cullman
Matthew Evans
Trial Attorneys

950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

CR. 22-397 (RBK)

March 31, 2022

**VIA EMAIL**
Charles H. Nugent, Jr., Esq.
Nugent Law, P.C.
530 Lippincott Drive
Marlton, NJ 08053

Re:  <u>Plea Agreement with Paul Andrecola</u>

Dear Mr. Nugent:

    This letter sets forth the plea agreement between your client, Paul Andrecola ("ANDRECOLA"), and the United States Attorney's Office for the District of New Jersey and the Environment and Natural Resources Division of the United States Department of Justice (together, "the United States"). The offer contained in this letter will expire on **April 14, 2022**, if a signed copy is not received by the United States on or before that date.

<u>Charge</u>

    Conditioned on the understandings specified below, the United States will accept a guilty plea from ANDRECOLA to a three-count Information charging him with: (1) distributing or selling an unregistered pesticide in violation 7 U.S.C. § 136j(a)(1)(A) (Count One); (2) wire fraud, in violation of 18 U.S.C. § 1343 (Count Two); and (3) making or presenting a false, fictitious or fraudulent claim to the United States, in violation of 18 U.S.C. § 287 (Count Three).

    If ANDRECOLA enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, the United States will not initiate any further criminal charges against ANDRECOLA for, from in or about April 2020 through in or about May 2021, selling an unregistered

pesticide, wire fraud, and submitting false claims to the United States, as described in the Information. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, ANDRECOLA agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by ANDRECOLA may be commenced against him, notwithstanding the expiration of the limitations period after ANDRECOLA signs the agreement.

Sentencing

The violation of 7 U.S.C. § 136j(a)(1)(A) charged in Count One of the Information to which ANDRECOLA agrees to plead guilty carries a statutory maximum prison sentence of 1 year and a statutory maximum fine equal to the greatest of: (1) $25,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. . Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 1343 charged in Count Two of the Information to which ANDRECOLA agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 287 charged in Count Three of the Information to which ANDRECOLA agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence on each count may run consecutively.

The sentence to be imposed upon ANDRECOLA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States cannot and does not make any representation or promise as to what guideline range may be

found by the sentencing judge, or as to what sentence ANDRECOLA ultimately will receive.

Further, in addition to imposing any other penalty on ANDRECOLA, the sentencing judge, with respect to each of Counts One, Two, and Three: (1) will order ANDRECOLA to pay a total assessment of $225 ($25 for Count 1 and $100 each for Counts 2 and 3), pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order ANDRECOLA to pay restitution pursuant to 18 U.S.C. § 3663A; (3) must order forfeiture pursuant to 18 U.S.C. § 982(a)(2); (4) may order ANDRECOLA, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (5) pursuant to 18 U.S.C. § 3583, may require ANDRECOLA to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should ANDRECOLA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ANDRECOLA may be sentenced to not more than two (2) years' imprisonment per count on counts Two and Three and not more than one (1) years' imprisonment on Count One, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

In addition, ANDRECOLA agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offenses.

Rights of The United States Regarding Sentencing

Except as otherwise provided in this agreement, the United States reserves its right to take any position with respect to the appropriate sentence to be imposed by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the United States may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ANDRECOLA's activities and relevant conduct with respect to this case.

Stipulations

The United States and ANDRECOLA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may

reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the United States is based on the information and evidence that the United States possesses as of the date of this agreement. Thus, if the United States obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the United States shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the United States or ANDRECOLA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the United States' right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the United States and ANDRECOLA waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), ANDRECOLA agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the offense charged in Count 2 of the Information. ANDRECOLA further agrees that the aggregate value of such property was $2,741,833.90; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $2,741,833.90 (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the *United States Marshals Service*, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail

to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

ANDRECOLA waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

ANDRECOLA further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If ANDRECOLA fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that ANDRECOLA has intentionally failed to disclose assets on his Financial Disclosure Statement, ANDRECOLA agrees that that failure constitutes a material breach of this agreement, and the United States reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

ANDRECOLA understands that if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making his deportable, excludable, or inadmissible, or ending his naturalization. ANDRECOLA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. ANDRECOLA wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his

removal from the United States. ANDRECOLA understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, ANDRECOLA waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Environment and Natural Resources Division of United States Department of Justice, and cannot bind other federal, state, or local authorities. However, the United States will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ANDRECOLA. This agreement does not prohibit the United States, any agency thereof (including the Environmental Protection Agency, Internal Revenue Service, and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against ANDRECOLA.

No provision of this agreement shall preclude ANDRECOLA from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that ANDRECOLA received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between ANDRECOLA and the United States and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

PHILIP R. SELLINGER
United States Attorney
United States Attorney's Office
District of New Jersey

TODD KIM
Assistant Attorney General
Environment and Natural
Resources Division
U.S. Department of Justice

By: *Jason Garelick*
JASON P. GARELICK
Special Assistant U.S. Attorney

By: /s/ Adam Cullman
ADAM CULLMAN
MATTHEW D. EVANS
Trial Attorneys
Environment and Natural Resources
Division
U.S. Department of Justice

APPROVED:

APPROVED:

R. David Walk, Jr.
R. DAVID WALK, JR.
Chief, Government Fraud Unit

/s/ Deborah Harris
DEBORAH L. HARRIS
Chief, Environmental Crimes Section

I have received this letter from my attorney, Charles H. Nugent, Jr., Esq. I have read it, and I understand it fully. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date:
Paul Andrecola


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date: 4/12/22
Charles H. Nugent, Jr., Esq.
Counsel for Defendant Paul Andrecola

- 8 -

## Plea Agreement with Paul Andrecola

## Schedule A

1. The United States and Paul Andrecola ("ANDRECOLA") recognize that the United States Sentencing Guidelines are not binding upon the Court. The United States and ANDRECOLA nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

### Count One — Distributing/Selling An Unregistered Pesticide

3. The applicable guideline is U.S.S.G. § 2Q1.2(a), which carries a Base Offense Level of 8.

4. Because ANDRECOLA was an organizer, leader, manager, or supervisor in the criminal activity, an increase of 2 levels applies. U.S.S.G. § 3B1.1(c).

5. Accordingly, the Total Offense Level for Count One is 10.

### Count Two — Wire Fraud

6. The applicable guideline is U.S.S.G. § 2B1.1. Because the offense of conviction has a statutory maximum term of imprisonment of 20 years or more, this guideline carries a Base Offense Level of 7. U.S.S.G. § 2B1.1(a)(1).

7. Because the offense involved a loss amount that exceeded $1,500,000 but not more than $3,500,000, the Specific Offense Characteristic results in an increase of 16 levels. U.S.S.G. § 2B1.1(b)(1)(I).

8. Because the offense involved 10 or more victims, the Specific Offense Characteristic results in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(2)(A)(i).

9. Because ANDRECOLA was an organizer, leader, manager, or supervisor in the criminal activity, an increase of 2 levels applies. U.S.S.G. § 3B1.1(c).

10. The Total Offense Level for Count Two is 27.

### Count Three — False Claims

11. The applicable guideline is U.S.S.G. § 2B1.1(a)(2), which carries a base offense level of 6.

12. Because the offense involved a loss of more than $15,000 but less than $40,000 the Specific Offense Characteristic results in an increase of 4 levels.

13. Because ANDRECOLA was an organizer, leader, manager, or supervisor in the criminal activity, an increase of 2 levels applies. U.S.S.G. § 3B1.1(c).

14. The Total Offense Level for Count Three is 12.

### Grouping Analysis

15. Pursuant to U.S.S.G. § 3D1.2(d), Counts One, Two, and Three as charged in the Information are grouped together into a single group (the "Group").

16. Pursuant to U.S.S.G. § 3D1.3(a), the offense level applicable to the Group is the offense level for the highest offense level of the Counts in the Group. Thus, the applicable offense level for the Group is 27.

### Acceptance of Responsibility

17. As of the date of this letter, it is expected that ANDRECOLA will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and ANDRECOLA's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

18. As of the date of this letter, it is expected that ANDRECOLA will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the court to allocate their resources efficiently. At sentencing, the United States will move for a further 1-level reduction in ANDRECOLA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) ANDRECOLA enters a plea pursuant to this agreement, (b) the United States in its discretion determines that ANDRECOLA's acceptance of responsibility has continued through the date of sentencing and ANDRECOLA therefore qualifies for a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) ANDRECOLA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

19. In accordance with the above, the parties agree that the total Guidelines offense level applicable to ANDRECOLA is 24 (the "agreed total Guidelines offense level").

20. Pursuant to 18 U.S.C. § 3553(a), ANDRECOLA reserves the right to move for a downward variance. The United States reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

21. ANDRECOLA knows that he has and, except as noted below in this paragraph, or regarding a claim of constitutionally ineffective assistance of counsel as noted in the plea agreement, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. The United States will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

22. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

a. Any proceeding to revoke the term of supervised release.

b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).