UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**PAUL ANDRECOLA**,<br><br>**Defendant.** | Case No. 22–cr–00397–ESK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

  **THIS MATTER** is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i) (ECF No. 34 (Compassionate Release Motion))¹, a motion to appoint counsel (Motion for Counsel) (ECF No. 35), and a motion for a video conference hearing (Video Conference Motion) (ECF No. 36).  The government filed opposition to the Compassionate Release Motion and Video Conference Motion.  (ECF No. 44 (Opp.).)  The government also submitted exhibits (ECF No. 46), filed under seal, in support of its opposition.²  The government did not oppose defendant's Motion for Counsel.

  For the following reasons, defendant's motions are DENIED without prejudice.

  **I.**  **FACTUAL BACKGROUND**

  On June 8, 2022, defendant pleaded guilty to: unlawful sale of unregistered pesticide in violation of 7 U.S.C. §§ 136j(a)(1)(A) and 1361(b)(1)(B),

---

¹ On January 7, 2025, defendant also filed a letter (ECF No. 42 (Def. Letter)) in support of the Compassionate Release Motion.

² The government's motion to seal (ECF No. 43) was granted.  (ECF No. 45.)

and 18 U.S.C. §2 (Count One); wire fraud in violation of 18 U.S.C. §1343 and 18 U.S.C. §2 (Count Two); and false claims against the United States in violation of 18 U.S.C. §287 and 18 U.S.C. §2 (Count Three).  (ECF Nos. 1, 4.) On December 8, 2022, defendant was sentenced by District Judge Robert B. Kugler (ret.) to 12 months of imprisonment on Count One and 60 months of imprisonment on Counts Two and Three, with the terms of incarceration to run concurrently.  (ECF Nos. 18, 19.)  Defendant was also sentenced to one year of supervised release for Count One and three years of supervised release on Counts Two and Three, to run concurrently.  (*Id.*)  On December 6, 2024, defendant filed the Compassionate Release Motion seeking a modification of his sentence to time served and a term of supervised release as ordered by the Court. (Compassionate Release Motion p. 2.)  Defendant is currently incarcerated at Federal Medical Center in Butner, North Carolina (FMC Butner).

## II.   DISCUSSION

### A.   Compassionate Release Motion

Once a term of imprisonment has been imposed, the Court may only modify it under very limited circumstances.  *In re Morris*, 345 F. App'x 796, 797–98 (3d Cir. 2009) (citing §3582(c)).  Relevant here is §3582(c)(1), which provides that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it

> finds that-- (i) extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"[U]nder the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Sellers*, No. 10-0434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing §3582(c)(1)(A)); *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). Under the second requirement, a court may reduce an incarcerated person's sentence pursuant to §3852(c)(1)(A) if, after finding that extraordinary and compelling reasons warrant a reduction, such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and that the applicable sentencing factors under §3553(a) warrant a reduction. *United States v. Pabon*, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020); *see also United States v. Castillo*, No. 12-0230, 2024 WL 453608, at *3 (E.D. Pa. Feb. 5, 2024) ("Only if a defendant's circumstances qualify as 'extraordinary and compelling' will the court look to Section 3553(a) factors to determine whether, at the court's discretion, a sentence reduction is warranted." (citing §3582(c)(1)(A)).

In April 2023, the Sentencing Commission introduced changes to the requirements and definitions in §3582, as well as the Guidelines' policy statements regarding matters to be considered in evaluating motions for compassionate release. Specifically, Amendment 814, effective November 1, 2023, expands and modifies the categories of "extraordinary and compelling reasons" that may warrant a sentence reduction under §3582(c)(1)(A) as follows: (1) additional "Medical Circumstances" subcategories; (2) modified Family Circumstances category; (3) new "Victim of Abuse" category; (4) modified "Other Reasons" category; and (5) new "Unusually Long Sentence"

category. *Castillo*, 2024 WL 453608, at *3 (citing United States Sentencing Guidelines Manual ("U.S.S.G.") §1B1.13(b) (Nov. 1, 2023)). In addition, "Amendment 814 to the Sentencing Guidelines now revises U.S.S.G. §1B1.13 and makes the Commission's compassionate release policy statement binding [on courts]" rather than merely advisory. *Id.* "Notwithstanding these most recent changes, [d]istrict courts wield considerable discretion in compassionate-release cases." *United States v. McAdams*, No. 09-0737, 2024 WL 863380, at *3 (D.N.J. Feb. 29, 2024) (internal quotation marks omitted).

The parties do not dispute that defendant has "exhausted [administrative] remedies before seeking judicial review" and only dispute that "compelling and extraordinary reasons exist to justify compassionate release." *See Sellers*, 2020 WL 1972862, at *1; *see also* (Compassionate Release Motion p. 6; Opp. p. 9.)

## 1. Compelling and Extraordinary Circumstances

Defendant argues that compelling and extraordinary circumstances exist because he suffers from a multitude of underlying health conditions that make him vulnerable to COVID-19, that vaccines do not adequately protect him from new strains of COVID-19, and that individuals incarcerated in prisons have a higher risk of infection. (Compassionate Release Motion p. 2–5.)

Specifically, defendant claims that he:

> has a medical history of hyperlipidemia, type two diabetes, polyneuropathy, hyperextension, gastroesophageal reflux disease, lower back pain, chronic kidney disease, right carpal tunnel syndrome, left cubital tunnel syndrome with status post correction on March 22, 2022, [g]astroesophageal [r]eflux [c]hronic lower back pain … post [r]adiation [t]herapy for prostate cancer with last treatment on June 15, 2022[,] … [g]astric [s]leeve [s]urgery and [u]mbilical [h]ernia repair in 2017, status post [c]hemoradiation for [p]ancreatic cancer in 2016, and [a] [c]rush injury to right lower extremity in 1980.

4

(*Id.* p. 8.) He also claims that he suffers from hypertension, obesity, and chronic kidney disease, which are conditions that are highly susceptible to severe illness or death from COVID-19. (*Id.* pp. 8–10.) He argues that the Court was unaware at his sentencing that he suffers from three fused vertebrates in his neck, edema in his legs, prostate scarring, and cataracts, which made him legally blind. (*Id.* p. 11.) Due to his conditions, defendant contends that food is served to him in his hospital room, he is groomed and dressed by fellow prisoners at FMC Butner, his medication is provided to him, and he needs to be reminded to use the bathroom. (*Id.* p. 13.)

The government counters that although defendant outlines underlying conditions that heighten his susceptibility to COVID-19, defendant refused to receive the COVID-19 booster. (Opp. p. 9.) The government also argues that defendant has not shown that he is receiving inadequate treatment for the conditions he asserts the Court was unaware of at the time of his sentencing. (*Id.* pp. 9, 10.)

Here, I agree with the government that defendant has not shown "compelling and extraordinary" reasons warranting compassionate release. The Court acknowledges defendant's medical conditions, the struggles these conditions have caused him, and the resulting vulnerability to COVID-19. However, with respect to defendant's claim that COVID-19 is more prominent in prisons, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau Prison's] statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597.

Moreover, courts in the Third Circuit "consistently agree that an FDA-approved vaccination against COVID-19 lessens the risk of serious illness or death from COVID-19 such that the threat of the pandemic, even combined with

5

preexisting medical conditions, does not constitute an extraordinary and compelling reason for compassionate release." *United States v. Hannigan*, No. 19-cr-373, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022); *see also United States v. Bess*, No. 16-cr-522, 2021 WL 5277201, at *3 (D.N.J. Nov. 12, 2021) (citing cases finding that vaccination mitigates the risks of COVID-19). And although defendant is concerned about contracting new strains of COVID-19, defendant voluntarily refused an opportunity to obtain a vaccine that would mitigate the potential dangers of contracting COVID-19. (*See* ECF No. 46–3 p. 1.); *see also* CDC, *COVID-19 Vaccines Protect Your Health*, https://www.cdc.gov/covid/vaccines/benefits.html (updated January 13, 2025).

To the extent defendant claims that he suffers from "long COVID" and that the prison is no longer testing for COVID-19, he has not provided any evidence to support his claims. He has also not adequately shown that the treatment he has received for his medical conditions are inadequate. With respect to defendant's claim that he is diagnosed with Osteomyelitis, that the condition has worsened, and that he fears that this condition will result in a leg amputation and potential death due to stage four kidney disease (*see* Def. Letter p. 1), defendant has not provided any documentation that he is diagnosed with Osteomyelitis or that his kidney disease is at stage four.

Moreover, regarding defendant's concerns of potential leg amputation, on January 13, 2025, one week after defendant's letter, a medical provider documented that defendant was "happy with his diabetic control, lower extremity progress[,] and his medical status in general. [H]e report[ed] no problems and was resting comfortably [i]n bed while interviewed with no signs of distress." (ECF No. 46–5 p. 14.)

Because defendant cannot show extraordinary and compelling circumstances warranting a reduction to his sentence, analysis of the factors set forth in §3553(a) is not necessary.

### B. <u>Video Conference Motion</u>

Because I will deny defendant's Compassionate Release Motion, the Video Conference Motion will be denied as moot. *See* Federal Rule of Criminal Procedure (Rule) 43(b)(4) ("defendant need not be present [for a] proceeding [involving] … the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).")

### C. <u>Motion for Counsel</u>

Defendant also seeks the appointment of counsel to represent him on the Compassionate Release Motion. (ECF No. 35 p.1.) In determining whether to appoint counsel:

> As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law … . If a claimant overcomes this threshold hurdle, we identified a number of facts that a court should consider when assessing a claimant's request for counsel. These include: 1. the plaintiff's ability to present his or her own case; 2. the difficulty of the particular legal issues; 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4. the plaintiff's capacity to retain counsel on his or her own behalf; 5. The extent to which a case is likely to turn on credibility determinations, and; 6. Whether the case will require testimony from expert witnesses.

*Montgomery v. Pinchak*, 294 F.3d 492, 499-500 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)).

Here, I find the *Tabron* factors to not support the appointment of *pro bono* counsel and will, accordingly, deny plaintiff's Motion for Counsel.

## III. CONCLUSION

Defendant's Compassionate Release Motion, Motion for Counsel, and Video Conference Motion are DENIED. An appropriate Order will accompany this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Date: February 24, 2025